MARQUISHA HOLMES, individually,
and on Behalf of All Others Similarly
Situated,

                       Plaintiffs,

vs.

WPB HOSPITALITY, LLC
d/b/a SPEARMINT RHINO
GENTLEMAN'S CLUB, and
KATHY VERCHER, individually,

                       Defendants.

_____/

CIVIL ACTION NO.

JURY TRIAL DEMANDED

## PLAINTIFF'S CLASS/COLLECTIVE ACTION COMPLAINT

## I.    SUMMARY

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. § 206. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

1.     This case implicates an adult entertainment club which goes by the trade name of "Spearmint Rhino Gentleman's Club." The entity and employers implicated are WPB Hospitality, LLC and KATHY VERCHER ("Defendants").

2.     Defendants have a longstanding policy of misclassifying its employees as independent contractors.

3.     Defendants required and/or permitted Plaintiff MARQUISHA HOLMES ("Plaintiff") and hundreds of other individuals to work as an exotic "entertainer" and/or dancer at their adult entertainment club but refused to compensate them at the applicable minimum wage rate.  In fact, Defendants refused to compensate Plaintiffs at all for the hours they worked. Plaintiffs' only compensation was in the form of tips from club patrons.

4.     Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated at least the federally mandated minimum wage of $7.25 for every single hour they work.  *See* 29 U.S.C. § 206(a).

5.     Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees.  *See* 29 U.S.C. §§ 203, 206.

6.     Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendants who worked at Spearmint Rhino Gentleman's Club, at any time during the three-year period before this Complaint was filed up to the present ("Class Members").  These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

7.     Likewise, Defendants' practice of failing to pay tipped employees at least the minimum wage each hour/week is in violation of Article X, Section 24 of the Florida Constitution.

8.     Thus, Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former "entertainer" employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## II.     SUBJECT MATTER JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

11.     This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiffs' FLSA claims are the same acts and omissions that give rise to Plaintiffs' Florida Minimum Wage Claims.

12.     This Court also has original jurisdiction over Plaintiffs' Florida Minimum Wage Claims pursuant to 28 U.S.C. § 1332(d) ("CAFA"), because there is diversity between the Defendants and at least one Plaintiff and/or member of the putative class, the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and the putative class exceeds one hundred members in number.

13.     Venue is proper in the Southern District of Florida because the events forming the basis of this suit occurred in this District, and the corporate Defendant's principal place of business is located in this District.  In particular, Defendant's club is located at 2154 Zip Code Place, West Palm Beach, Florida.

14.     Venue is also proper in this District because Plaintiff's claims accrued in this District.

15.     Plaintiff Marquisha Holmes is citizen of the State of Florida, and resides in this judicial district.  Marquisha Holmes' written consent to this action is attached hereto as **EXHIBIT A**.

16.     The Members of the FLSA Collective Action are all of Defendants' current and former exotic entertainers who worked at Spearmint Rhino Gentleman's Club located in West Palm Beach, Florida at any time during the three (3) years prior to the filing of this Complaint up to the present, who elect to file a consent to join in this action.

17.     The (Florida Minimum Wage Claim) Class Members are all of Defendants' current and former exotic entertainers who worked at Spearmint Rhino Gentleman's Club located in West Palm Beach, Florida at any time during the five (5) years prior to the filing of this Complaint up to the present.

18.     Defendant WPB Hospitality, LLC. is a Florida limited liability company doing business in West Palm Beach for the purpose of accumulating monetary profit. This Defendant may be served through its Registered Agent as follows: Cogency Global Inc., 115 N. Calhoun Street, Suite 4, Tallahassee, Florida 32301.

19.     Defendant Kathy Vercher is an individual residing in California.  Said Defendant may be served with process at her personal residence: 1875 Tandem Way, Norco, California 92860.  This Court has personal jurisdiction over this Defendant because she is an Officer and Managing Member of WPB Hospitality, LLC, had sufficient contacts with the Southern District

of Florida both individually and as a corporate officer of Defendant at all times relevant hereto, and the instant claims arose specifically because of acts and omissions she committed in this forum.

## IV.    FLSA COVERAGE

20.    In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

## EMPLOYMENT RELATIONSHIP

21.    "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.* (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

22.    Here, Defendants had the power to hire and fire Plaintiffs.

23.    Defendants hold auditions for entertainers looking to be hired at the club. Defendants ask that the entertainers "bring proper dancing attire" to the auditions or submit a picture if applying online.

24.    Defendants controlled Plaintiffs' work schedule.

25.    Defendants scheduled Plaintiff and other entertainers to certain shifts.

26.    Defendants required Plaintiff and other entertainers to work a certain number of days during the week.

27.     Defendants required Plaintiff and other entertainers to work specific days of the week each week.

28.     Defendants provided training, if needed, through an orientation program that taught the entertainers what they needed to know in order to work at Spearmint Rhino Gentleman's Club.

29.     Defendants required Plaintiff and other dancers to wear certain clothing on certain days of the week.

30.     Defendants engage with their clientele through Google reviews and Defendants refer to their exotic dancers and entertainers and staff as the "Rhino Team."

31.     Defendants determined the rate and the method of payment of all dancers including Plaintiff.

32.     Defendants set the price for their customers to pay dancers for side table dances and lap dances.

33.     Defendants set a price for their customers to pay entertainers for champagne room dances.

34.     Defendants required Plaintiff and all other entertainers to pay "house fees" depending on the day and shift the dancer was working.

35.     Defendants required Plaintiff and all other entertainers to tip out certain employees at the end of their shift including but not limited to the DJ, the House Mom, wait staff, floor men, valet, security, and managers.

36.     Entertainers are an integral part of Defendants' strip clubs.

37.     Plaintiff and all other entertainers' job duties consisted of dancing in designated areas and performing dances for Defendants' customers at the club.  These job duties require little to no skill.[1]

38.     Defendants maintained some records regarding the time Plaintiff and all other entertainers arrived and left the club.

39.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

40.     Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

41.     The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation.  *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co*., 747 F.2d 966, 971-72 (5th Cir. 1984).

42.     Defendant Kathy Vercher is a corporate officer and managing member of WPB Hospitality, LLC.

---

[1] *See, Freund v. Hi-Tech Satellite, Inc.,* 185 Fed. Appx. 782, 783 (11th Cir. 2006) ([C]ourts must determine whether, as a matter of economic realit[y], an individual is an employee or an independent contractor in business for himself. Several factors guide this inquiry: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business.") (internal citations omitted); *see also*, *Clincy v. Galardi S. Enterprises, Inc.,* 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (applying economic reality test and finding exotic dancers were employees not independent contractors).

43.     Defendant Kathy Vercher is involved in the day-to-day business operation of Spearmint Rhino Gentleman's Club.

44.     Defendant Kathy Vercher has responsibility for the supervision of the entertainers at Spearmint Rhino Gentleman's Club.

45.     Defendant Kathy Vercher is responsible for the compensation or lack thereof paid to entertainers at Spearmint Rhino Gentleman's Club.

46.     Defendant Kathy Vercher has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

47.     Additionally, Defendant Kathy Vercher was responsible for the day-to-day affairs of the club.

48.     In particular, Defendant Kathy Vercher was responsible for determining whether the club complied with the Fair Labor Standards Act.

49.     As such, Defendant Kathy Vercher is the employer of the Plaintiffs and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

**ENTERPRISE AND INDIVIDUAL COVERAGE**

50.     "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634-CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir. 2006)). "To qualify for enterprise coverage, Defendants must

'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id.* (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

51.     At all material times, the corporate Defendant has been an enterprise within the meaning of 3(c) of the FLSA. 29 U.S.C. § 203(c).

52.     On information and belief, in 2015, 2016, 2017, 2018, and 2019 the corporate Defendant grossed in excess of $500,000.00 in annual revenue per year and is expected to gross in excess of $500,000.00 in 2020.

53.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

54.     Specifically, Defendant's employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendant's patrons.  Additionally, Defendant's employees, including Plaintiffs, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

55.     Defendants advertise on the internet, own clubs in multiple states which they advertise together on their website, process credit cards from out of state patrons, communicate via mail, email, and telephone with their clubs outside of the state of Florida, and sell their merchandise across state lines.

56.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

57.     At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206.

## WAGE VIOLATIONS

58.     Defendants misclassify Plaintiff and all other entertainers as independent contractors.

59.     Defendants failed to pay Plaintiff and all other entertainers they hire any compensation whatsoever.

60.     The only money Plaintiff received was tips received directly from Defendants' customers.

61.     Defendants siphoned Plaintiff's and all other entertainers' tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

## V.     FACTS

62.     Plaintiff and Class Members have all been victimized by Defendants' common policy and plan to violate their rights under the FLSA and Article X, Section 24 of the Florida Constitution and by denying them minimum wage, proper overtime, and the tips they lawfully earned.

63.     Defendants operate an adult entertainment club located at 2154 Zip Code Place, West Palm Beach, Florida.

64.     Defendants employ exotic entertainers at Spearmint Rhino Gentleman's Club located at 2154 Zip Code Place, West Palm Beach, Florida.

65.     Plaintiff Marquisha Holmes is a former exotic entertainer at Defendants' adult

entertainment club: Spearmint Rhino Gentleman's Club.

66.     Plaintiff worked on a regular basis for Defendants' club.

67.     From approximately 2015 until approximately February 2020, Plaintiff Marquisha Holmes danced at Spearmint Rhino Gentleman's Club in West Palm Beach, Florida.

68.     Therefore, Plaintiff Marquisha Holmes has first-hand personal knowledge of the pay violations at Spearmint Rhino Gentleman's Club.

69.     Plaintiff worked on a regular basis as an employee for Defendants' club.

70.     The exotic entertainers are compensated exclusively through tips received from Defendants' customers.

71.     Defendants did not pay the entertainers compensation for any hours worked at their establishment.

72.     Defendants charged the entertainers certain fees per shift worked.

73.     Defendants charged the entertainers a "house fee" depending on the time they arrive to work.

74.     Defendants also required the entertainers to share their tips with employees who do not customarily and regularly receive tips, including the disc jockeys and the managers.

75.     Defendants illegally classified the entertainers as independent contractors.

76.     At all times, the entertainers were employees of Defendants as that term is defined by the FLSA and relevant case law.

77.     Defendants hired, fired and supervised the entertainers.

78.     Defendants also set the schedule for the entertainers.

79.     Defendants controlled the details of the entertainers' jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs'

customers.

80.     Defendants also controlled the entertainers' appearances with respect to their attire and makeup.

81.     Defendants disciplined the entertainers for not following club rules.

82.     Defendants tracked the time and days the entertainers worked just as is common for typical employer-employee relationships.

83.     In addition, Defendants instructed the entertainers about when, where, and how the entertainers were to perform their work.

84.     The following further facts demonstrate the entertainers' status as employees:

a)      Defendants had the sole right to hire and fire the entertainers;

b)      Defendants requires dancers to complete an employee application as a prerequisite to their employment;

c)      Defendants made the decision not to pay overtime;

d)      Defendants made the decision not to compensate at the FLSA minimum wage rate;

e)      Defendants provided the entertainers with music equipment and a performing stage;

f)      Defendants controlled the entertainers' music;

g)      The dancers have made no financial investment with Defendants' business;

h)      The dancers were hired as permanent employees and have worked for Defendants for years;

i)      Defendants supervised the entertainers; and

j)      Defendants scheduled entertainers and as such had sole control over their

opportunity for profit.

85.     Defendants misclassified Plaintiffs and Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA and Article X, Section 24 of the Florida Constitution.

86.     Plaintiff and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA or Article X, Section 24 of the Florida Constitution.

87.     Although Plaintiff and Class Members are required to and do in fact frequently work at least forty (40) hours per workweek, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirements of the FLSA and Article X, Section 24 of the Florida Constitution. *See* 29 U.S.C. § 206.

88.     Defendants' method of paying Plaintiff or lack thereof in violation of the FLSA and Article X, Section 24 of the Florida Constitution was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA or Article X, Section 24 of the Florida Constitution.

89.     Defendants misclassified Plaintiff and other dancers with the intent to avoid paying them in accordance to the FLSA and Article X, Section 24 of the Florida Constitution.

90.     Defendants have been in the exotic dancing industry for years and are familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA.

91.     Defendants and their related entities and affiliates have repeatedly been the subject of litigation arising from their misclassification of dancers as independent contractors.

92.     The individually named Defendants keeps employment records for Spearmint Rhino Gentleman's Club.

93. The individually named Defendants has ultimate authority regarding hiring and firing employees at Spearmint Rhino Gentleman's Club.

94. The individually named Defendant created and implemented companywide policy of misclassifying exotic entertainers as independent contractors at Spearmint Rhino Gentleman's Club.

95. Defendants operate a strip club under the assumed name "Spearmint Rhino Gentleman's Club." Indeed, they advertise themselves as such on various websites.

## VI.  COUNT ONE: VIOLATION OF 29 U.S.C.  § 206
### (AGAINST ALL DEFENDANTS)

96. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

97. Defendants' practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.  In fact, Defendants do not compensate the exotic entertainers whatsoever for any hours worked.

98. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

99. Defendants failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of section 211© of the FLSA.  *See* 29 U.S.C. § 211©.

100. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a) The time of day and day of week on which the employees' work week begins;

    b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c)     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d)     The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e)     The hours worked each workday and total hours worked each workweek;

f)     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g)     The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h)     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i)     The dates, amounts, and nature of the items which make up the total additions and deductions;

j)     The total wages paid each pay period; and

k)     The date of payment and the pay period covered by payment.

29 C.F.R. § 516.2, § 516.5.

101.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff and Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

# VII. COUNT TWO: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION
## (AGAINST WPB HOSPITALITY LLC)

102.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

103.    Plaintiff, and those similarly situated employees, are/were entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendant.

104.    Specifically, Plaintiff, and those similarly situated employees, were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

105.    Defendant willfully failed to pay Plaintiffs, and those similarly situated employees, minimum wages for one or more weeks during Plaintiffs' employment contrary to Article X, Section 24 of the Florida Constitution.

106.    Although such prerequisites are unconstitutional, Plaintiffs have complied with all statutory prerequisites to bringing his claim pursuant to Article X, Section 24 of the Florida Constitution.

107.    Specifically, on March 20, 2020, Plaintiff served the Corporate Defendant with a Notice pursuant to Fla. Stats. § 448.110, on behalf of herself, and those similarly situated to Plaintiff. A copy of Plaintiff's Notice Letter served on the Corporate Defendant is attached hereto as **EXHIBIT B.**

108.    More than 15 days have elapsed since Plaintiff's service of her Notice Letter on the Corporate Defendant, and the Corporate Defendant has failed to make payment to Plaintiff.

109.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

110. Plaintiffs are entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

111. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## VIII. COLLECTIVE ACTION ALLEGATIONS
### (AGAINST ALL DEFENDANTS)

112. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

113. Although Defendants permitted and/or required Class Members to work countless hours per workweek, Defendants have denied them full compensation for their hours worked by depriving them full compensation at the federally mandated minimum wage rate.

114. Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as exotic entertainers under the same conditions and subject to the same violations of the FLSA.

115. Defendants have classified and continues to classify Class Members as independent contractors.

116. Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

117. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

118. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

119. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of Class Members.

120. The experience of Plaintiff, with respect to her job duties, are typical of the experiences of Class Members.

121. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

122. All Class Members, irrespective of their particular job requirements, are entitled to federal minimum wage compensation for hours worked during a workweek.

123. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

124. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula.

125. The claims of all Class Members arise from a common nucleus of facts.

126. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

127. The Plaintiff and the Class Members held the same job title: Dancers and/or Entertainers.

128. The Defendants have classified all of its entertainers as independent contractors from at least 2015 to present.

129.    The individually named Defendant instituted, permitted, and/or required the policy and practice of classifying all exotic entertainers at Spearmint Rhino Gentleman's Club as independent contractors.

130.    The individually named Defendant instituted, permitted, and/or required the policy and practice of charging all exotic entertainers at Spearmint Rhino Gentleman's Club a house fee.

131.    The individually named Defendant instituted, created, and/or permitted the policy and practice of requiring all dancers and/or exotic entertainers at Spearmint Rhino Gentleman's Club to tip out staff including the DJ.

132.    As such, the class of similarly situated Plaintiffs is properly defined as follows:

**Defendants' current and former exotic entertainers who worked at Spearmint Rhino Gentleman's Club at any time during the three years before this Complaint was filed up to the present.**

## IX.    CLASS ACTION ALLEGATIONS
### (AGAINST WPB HOSPITALITY, LLC)

133.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

134.    Plaintiff brings her Florida Minimum Wage Claims on behalf of all persons who were employed by Defendants at any time since 2015, to the entry of judgment in this case (the "Class Period"), who were "entertainer" employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class").

135.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 300 and 500 members of the Class during the Class Period.

136. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

137. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

138. Specifically, Defendants illegally misclassified all of their exotic entertainer employees, including Plaintiff as independent contractors and failed to pay them minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

139. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **Defendants' current and former exotic entertainers who worked at Spearmint Rhino Gentleman's Club in West Palm Beach, Florida, at any time during the five (5) years before this Complaint was filed up to the present.**

140. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

141. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

142. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a)      whether the Defendants employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

b)      whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c)      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d)      whether Defendants misclassified their exotic entertainer employees as independent contractors;

e)      whether Defendants failed and/or refused to pay the members of the Class at least the Florida Minimum Wage in one of more workweeks;

f)      whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

g)      whether the Defendants should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

## XI.    DAMAGES SOUGHT

143.   Plaintiff and Class Members are entitled to recover compensation for the hours/weeks they worked for which they were not paid at least the Florida-mandated minimum wage rate.

144.   Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

145.   Plaintiff and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken.  Without

repayment of such fees, Plaintiff and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

146.     Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages.  29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

147.     Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b) and Article X, Section 24 of the Florida Constitution.

**JURY DEMAND**

148.     Plaintiff and Class Members hereby demand trial by jury.

**PRAYER**

For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a)     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel USA Employment Lawyers – Jordan Richards PLLC and Morgan & Morgan P.A. to represent the Class;

b)     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing

Plaintiff and her counsel USA Employment Lawyers – Jordan Richards PLLC and Morgan & Morgan P.A. to represent the Collective Action members;

c)      Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d)      Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

e)      All unpaid wages at the FLSA mandated minimum wage rate;

f)      All unpaid wage at the Florida mandated minimum wage rate;

g)      All misappropriated tips;

h)      All misappropriated funds that were labeled as fees or otherwise;

i)      An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

j)      An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

k)      Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

l)      Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

**Dated this 8th of April 2020**

Respectfully submitted,

**USA EMPLOYMENT LAWYERS –**
**JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiffs*

**MORGAN & MORGAN, P.A.**
8151 Peters Road, 4th Floor
4th Floor
Plantation, Florida 33324
Ph: (954) 327-5355
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

By: */s/ Andrew R. Frisch*
ANDREW R. FRISCH, ESQUIRE
Florida Bar No. 27777
*afrisch@forthepeople.com*

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 8, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**<u>SERVICE LIST:</u>**